**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LAREY CHARLES ANDERSON,** | ) | **CASE NO. 3:07CV2337** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **KELLEH KONTEH, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Report and Recommendation of the Magistrate Judge, recommending the Petition of Larey Charles Anderson for Writ of Habeas Corpus be denied.  For the following reasons, the Court ADOPTS the Report and Recommendation and DENIES the Petition for Writ of Habeas Corpus.

**I. BACKGROUND**

On July 10, 2003, Petitioner was found guilty of Murder in violation of Ohio Revised Code Section 2923.02(B).  On July 30, 2003, the trial court sentenced him to an indefinite prison term of fifteen years to life.

On September 18, 2003, Petitioner filed a Motion for Delayed Appeal, which was

granted by the Sixth District Court of Appeals. In his brief, Petitioner raised the following assignments of error: (1) his conviction for murder was against the manifest weight of the evidence; (2) the trial court erred when it denied his Ohio Criminal Rule 29 motion; and (3) the prosecution engaged in misconduct. On April 7, 2006, the appellate court affirmed his conviction.

On April 27, 2006, Petitioner, *pro se*, filed a Notice of Appeal with the Supreme Court of Ohio. On August 2, 2006, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question.

On August 1, 2007, Larey Charles Anderson, *pro se*, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and asserted the following grounds for relief: (1) his conviction was against the manifest weight of the evidence; (2) the trial court erred by denying his Criminal Rule 29 motion; and (3) he was deprived of a fair trial due to improper and prejudicial statements of the prosecution. On December 4, 2007, Respondent, Warden Kelleh Konteh, filed her Answer/Return of Writ. Petitioner filed his Traverse on February 21, 2008.

On March 11, 2008, the Magistrate Judge entered his Report and Recommendation. The Magistrate Judge found that Petitioner's failure to object at trial to the allegedly improper statements of the prosecutor rendered his third ground for relief procedurally defaulted; and found Petitioner failed to show either "cause" for the procedural default, or "actual prejudice" from the alleged error.

Further, the Magistrate Judge found the manifest weight claim in Petitioner's first ground for relief is not cognizable on federal habeas review. *See, e.g.*, *Nash v. Eberlin*, 437 F.3d 519, 524 (6th Cir. 2006).

Pursuant to Ohio Criminal Rule 29, the trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the *evidence is insufficient* to sustain a conviction of such offense or offenses." (emphasis added). Thus, in his second ground for relief, Petitioner contends his conviction was not supported by sufficient evidence. The Due Process Clause of the Fourteenth Amendment requires that a criminal conviction be supported by proof beyond a reasonable doubt as to every element of the offense charged. *In re Winship*, 397 U.S. 358, 363-64 (1970). After a review of the testimony at Petitioner's trial, the Magistrate Judge found evidence sufficient to allow a rational trier of fact to find all essential elements of murder — that Petitioner knowingly attempted to cause harm to the victim; that such action proximately resulted in the victim's death; and that Petitioner was not acting in self-defense.

On April 9, 2008, Petitioner submitted his Objections to the Magistrate Judge's Report and Recommendation, which read in their entirety as follows:

> Petitioner seek's [sic] review of the Magistrate Report and Recommendation as to it relate's [sic] to his claim's [sic]. Ground One, Insufficient Evidence, And/or Sufficiency of Evidence, Ground Two, The Trial Court erred by denying his Crim.R.29 motion. And Ground Three, prosecutorial misconduct.
> Fed. R. Civ. 72(b), plainly provides that, with respect to a Magistrate Recommended disposition on dispositive motion. Part [sic] disenchanted thereby may, within the fixed 10-day period.

## **II. LAW AND ANALYSIS**

Under Federal Rule 72(b) and 28 U.S.C. § 636, the district court is required to review *de novo* any portion of the Magistrate Judge's Report to which a specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950

(6th Cir. 1981). In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." "A party may not file a general objection to the entirety of the magistrate's report." *Ayers v. Bradshaw*, No. 3:07CV2663, 2008 WL 906100, at *1 (N.D. Ohio March 31, 2008) (citing *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 508-09 (6th Cir. 1999)).

In the instant matter, Petitioner merely repeats his three grounds for relief, and points to the Federal Rules provision for asserting timely objections. "For an objection to be sufficiently specific, the petitioner must direct 'the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position.'" *Ayers*, *supra* at *2 (quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997)). Petitioner does not provide the Court with any outline of areas of disagreement.

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard*, 932 F.2d at 509.

Petitioner Anderson's submission simply recites his objection; but is the equivalent of an utter failure to object.

### III. CONCLUSION

For the foregoing reasons, this Court ADOPTS the Report and Recommendation of the

Magistrate Judge, and DENIES Larey Charles Anderson's Petition for Writ of Habeas Corpus. The Report and Recommendation is incorporated by reference.

Furthermore, the Court finds that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Petitioner has not made a substantial showing of the denial of a constitutional right; therefore, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

**DATE: May 13, 2008**

> **s/Christopher A. Boyko**
> **CHRISTOPHER A. BOYKO**
> **United States District Judge**